UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ISSA SPENCER,

                                     Plaintiff,

                        -against-

SECURITAS SECURITY SERVICES USA, INC.,

                                  Defendant.

-----------------------------------------------------------------x

                               25-CV-7006 (DEH) (VF)

                                 **ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

In connection with submitting a proposed case management plan, Defendant argues that discovery should be stayed until after the Court rules on the pending motion to dismiss. ECF No. 24 at 5. Plaintiff does not take a position on this issue. Id. For the reasons set forth below, discovery in this case is hereby stayed.

Pursuant to Federal Rule of Civil Procedure 26(c), the Court has discretion to stay discovery upon a showing of good cause. Mirra v. Jordan, No. 15-CV-4100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016). Courts determining whether to grant a stay of discovery during the pendency of a dispositive motion consider the following factors: "(1) whether the movant has made a strong showing that the non-movant's claim is meritless; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Configure Partners LLC v. RACI Holdings LLC, No. 22-CV-8631 (RA) (JW), 2023 WL 2811135, at *1 (S.D.N.Y. Apr. 6, 2023). The movant bears the burden of showing good cause. Id. Defendant has met that burden here.

First, Defendant has raised strong arguments in its motion to dismiss that Plaintiff's claims are subject to dismissal as time-barred. See ECF Nos. 15, 20. Second, moving forward with discovery now, given that Defendant's motion may dispose of the entire case, is not an efficient use of judicial resources. Finally, a short delay of a few months, to await resolution of the pending motion to dismiss, would not unduly prejudice Plaintiff. Plaintiff agreed to a deadline for the close of fact discovery of September 30, 2026, allowing for ample time to engage in discovery once the pending motion is resolved. See ECF No. 24 at 3. And, in any case, the parties may seek an extension of the fact discovery deadline if necessary.

For the foregoing reasons, discovery is stayed pending disposition of the pending motion to dismiss.

**SO ORDERED.**

DATED:    New York, New York
          April 6, 2026

_____
VALERIE FIGUEREDO
United States Magistrate Judge