UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISSA SPENCER,

Plaintiff,

v.

SECURITAS SECURITY SERVICES USA, INC.,

Defendants.

25 Civ. 7006 (DEH) (VF)

**ORDER**

DALE E. HO, United States District Judge:

In this action, Plaintiff Issa Spencer brings a claim for discrimination under Title VII of the Civil Rights of 1964 ("Title VII"), 42 U.S.C. § 2000-e against his former employer, Defendant Securitas Security Services USA, Inc ("SSS USA"). On May 26, 2026, Magistrate Judge Figueredo issued a Report and Recommendation (the "Report"), recommending that SSS USA's motion to dismiss, ECF No. 13, be granted and that the Complaint be dismissed with prejudice. *See* Report, ECF No. 29.

The deadline to file objections to the Report was June 9, 2026. Mr. Spencer, who is represented by counsel, did not file any objections, nor did he seek an extension. No opposition has been filed as of this date.

In reviewing a magistrate judge's report and recommendation, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "In a case such as this one, where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Kuan v. Notoriety Grp. LLC*, No. 22 Civ. 1583, 2023 WL 3936749, at *1 (S.D.N.Y. June 9, 2023). The Court has reviewed the Report and has found no error, clear or otherwise.

It is hereby **ORDERED** that the Report is **ADOPTED IN FULL.** As set forth in the Report, the claim in this case is time-barred, because Mr. Spencer did not file suit within the requisite 90-day period from issuance of his right to sue letter issued by the Equal Employment Commission ("EEOC") on June 24, 2021. *See* Report at 6-10. While Mr. Spencer averred that he did not receive the letter in a timely manner due to having provided the EEOC with an incorrect mailing address, the Report correctly notes that "[c]ourts routinely dismiss claims as time-barred where the plaintiff commenced the suit more than 90 days after issuance of the Right to Sue letter because of a failure to timely receive the letter due to an error by the plaintiff." Report at 7 (citing cases).

As the Report further notes, because Mr. Spencer's claim is time-barred, and the issue cannot be cured by amendment, dismissal with prejudice is the appropriate outcome here. Accordingly, SSS USA's motion to dismiss is **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE.**

The Clerk of Court is respectfully directed to terminate ECF No. 13, and to close this case.

SO ORDERED.

Dated: July 14, 2026
New York, New York

DALE E. HO
United States District Judge